# YOUNG CONAWAY STARGATT & TAYLOR, LLP

ADAM W. POFF
DIRECT DIAL: 302-571-6642
DIRECT FAX: 302-576-3326
apoff@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 23, 2011

**BY ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Leo Pharma A/S v. Tolmar, Inc.*
               C.A. No. 10-269-SLR (Consolidated)

Dear Judge Robinson:

      We represent Defendant Tolmar, Inc. in the above-captioned action. We write in response to Plaintiff LEO Pharma's November 18, 2011 letter to the Court.

      LEO indicated in its November 18 letter that Teva would not agree to a stipulation proposed by LEO under which Teva would provide discovery in exchange for a stipulated dismissal. LEO then proposes that Teva's refusal to enter into such a stipulation somehow prejudices LEO's preparation for trial, which is currently scheduled for May 7, 2012. LEO's actions are a clear abuse of the judicial system. Rather than pursue discovery from Teva through a third-party subpoena in the underlying case with Tolmar, LEO improperly attempted to add Teva (Tolmar's API supplier) to this lawsuit under various theories of jurisdiction. LEO's actions have unnecessarily wasted the resources of this Court and the parties. Only now does LEO inform the Court that its allegations of infringement against Teva were designed simply to leverage discovery from Teva to be used against Tolmar.

      LEO asserts that Dr. Bernstein, one of its four experts who have already offered opinions on the issue of infringement, "relied on limited public information about Teva's activities and process for making the active ingredient" for the API used in Tolmar's proposed ANDA products[1]. However, as we informed Your Honor in the November 3 telephone conference, LEO never served a third-party subpoena or otherwise attempted to obtain discovery from Teva during fact discovery despite that: (1) LEO has been well aware that Teva is Tolmar's API supplier for almost two years; and (2) fact discovery has been extended at least twice to accommodate LEO. If LEO believed it needed additional documents from Teva to support its infringement theories, it had every opportunity to seek those documents throughout the last year of discovery.

---

[1] On October 31, 2011, LEO Pharma served four expert opinions relating to its allegations of infringement against Tolmar already pending in the present action.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
November 23, 2011
Page 2

Further, in its November 18 letter, Plaintiff contends that one of its "infringement theories is that the active ingredient Teva supplies to Tolmar contains infringing monohydrate calcipotriol material." However, during discovery Plaintiff withdrew its request for samples of Tolmar's API. Plaintiff's lack of diligence should not be used to delay the trial schedule to Tolmar's detriment.

Moreover, none of LEO's experts, including Dr. Bernstein, has asserted that they have insufficient information to offer opinions on the issue of infringement. Indeed, each of them has opined that the evidence currently of record purportedly supports LEO's infringement allegations. In fact, on November 18, LEO even provided Amended Infringement Contentions in which it continues to maintain that it can establish infringement of Tolmar's proposed ANDA products based on its experts' opinions and the evidence of record.

Finally, Leo has only alleged infringement by Teva under 35 U.S.C. §271 (a) or (g). Any allegations of direct infringement against Teva under those Sections, even if proper, should not allow LEO to delay resolution of the original dispute between Tolmar and LEO.

In sum, LEO should not be permitted to leverage its own dilatory conduct to thwart this Court's current discovery and trial schedules. Nor should Teva's rejection of LEO's proposed "discovery for dismissal" warrant the prejudice to Tolmar that would arise should this Court alter the current trial schedule.

We would appreciate the opportunity to be heard further on this issue during the November 29, 2011 status conference or at any earlier time that the Court may deem appropriate

Respectfully,

Adam W. Poff (No. 3990)

AWP
cc:  Clerk of the Court
     Jack B. Blumenfeld, Esquire
     Ira Levy, Esquire