

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
*Attorneys at Law*

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

ADAM W. POFF
P 302.571.6642
F 302.576.3326
APOFF@YCST.COM

May 4, 2012

**BY ELECTRONIC FILING**
The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:    *Leo Pharma A/S v. Tolmar, Inc.*, C.A. No. 10-269-SLR (Consolidated)

Dear Judge Robinson:

Count II of Plaintiff's complaint asserts a claim for patent infringement of U.S. Patent No. 6,753,013 ("the '013 patent") related to Tolmar's ANDA No. 201615 for a proposed generic ointment product. On Thursday, May 4, the Court determined that the trial would not go forward on that count in light of the Board of Patent Appeals and Interferences ("the Board") decision in the reexamination proceedings. The Court asked for letter briefs to address the parties' position concerning the status of Count II, *i.e.*, whether it should be dismissed without prejudice (Tolmar's position) or stayed (Plaintiff's position). Tolmar respectfully submits the Court now lacks subject matter jurisdiction and that Count II should be dismissed without prejudice.

On April 18, Plaintiff served amended infringement contentions, stating that the asserted claims of the '013 patent were claim 22 (an independent claim) and claim 23 (dependent on claim 22). In December 2007 (*i.e.*, before Plaintiff filed suit on the '013 patent), Plaintiff choose to cancel claim 22 as part of the reexamination proceedings. Plaintiff also chose to amend claim 23 by changing its scope and making it depend off an amended version of claim 1. On April 30, the Board issued its final decision, affirming the Examiner's rejection of all of the pertinent claims (including amended claim 23). That final decision by the Board forecloses all further changes to the prosecution history and, more importantly, cancels for all-time claim 22 and dependent claim 23 in its *un*-amended form. Further, the decision by the Board is the triggering event that divests the Court of subject matter jurisdiction.

37 C.F.R. § 1.198 provides, in part, that when a decision by the Board becomes final for judicial review, "prosecution of the proceeding before the primary examiner will not be reopened or reconsidered by the primary examiner [absent exceptions not applicable here]." Because the Board's decision is final, Plaintiff is now foreclosed from reopening prosecution of the '013 patent and cannot seek to reinstate or alter the scope of claims 22 or 23 or any other claims.

*What is the practical impact of Section 1.198 for this case?* The impact is that the asserted claims, 22 and 23, are forever cancelled. Claim 22 is forever cancelled because its cancellation

The Honorable Sue L. Robinson
May 4, 2012
Page 2

was not revoked before the final decision by the Board. Claim 23 in its present asserted form (*i.e.*, as claimed in the issued '013 patent) is similarly cancelled. Claim 23 may someday be resurrected in an <u>amended</u> form *if* the Federal Circuit reverses and someday issues a reexamination certificate allowing the amended version of claim 23. But, for now, neither of the asserted claims exist any longer, nor can they be altered through further prosecution.

Judge William Alsup in the Northern District of California was presented with an analogous situation in *Ho Keung TSE v. Ebay, Inc.*, No. 11-C-1812, 2011 U.S. Dist. LEXIS 96744 (N.D. Cal. Aug. 29, 2011) (Alsip, D.J.) )(*"TSE"*). Judge Alsup concluded that the Court lacked subject matter jurisdiction to hear a claim for patent infringement of a claim rejected by the Examiner and the subject of an appeal by the patentee.

In *TSE*, the asserted patent was the subject of a reexamination. During reexamination, the examiner issued a final rejection of several claims, including claim 21. The patentee then sued *Ebay*, asserting claim 21, among other claims.[1] The patentee also appealed the final rejection to the Board. While the appeal was pending, the patentee amended claim 21. The Board affirmed the Examiner's rejections, except as to claim 21. As to claim 21, the Board *reversed* the Examiner's decision based on the patentee's amendment to that claim. The patentee then appealed the Board's decision to the Federal Circuit.

Meanwhile, in the district court action, Ebay brought a motion to dismiss plaintiff's infringement count – asserted claim 21 in its original form – for lack of subject matter jurisdiction. Judge Alsup dismissed plaintiff's infringement count without prejudice, stating:

> No reexamination certificate has been issued for the '797 patent. Thus, the original version of claim 21 has been cancelled, but the amended version has not yet issued. ***There is no claim 21 at this time***, and there is no guarantee that a reexamination certificate eventually will issue with the an [sic] amended version of claim 21 in its current form.

*TSE*, 2011 U.S. Dist. LEXIS 96744 at *2-3 (emphasis added). Relying on controlling principles of subject matter jurisdiction, Judge Alsup concluded:

> Here, there was no claim 21 of the '797 patent at the time the complaint was filed, and there still is no claim 21. The original claim 21 was cancelled in July 2009 – five months before this action was filed – and the amended version of claim 21 has not yet issued, as plaintiff's appeals have prevented completion of the reexamination process and issuance of a reexamination certificate. Plaintiff's infringement allegations are not based on any existing patent claim or any patent claim that existed when the complaint was filed. As such, there is no case or controversy over which jurisdiction can be exercised.

*TSE*, 2011 U.S. Dist. LEXIS 96744 at *3-4 (Order attached as Exhibit A).

---

[1] The patentee later withdrew all claims of the patent except claim 21.

The Honorable Sue L. Robinson
May 4, 2012
Page 3

The identical result should attach here and the Court should dismiss Plaintiff's Count II without prejudice. Claim 22 is cancelled and no reexamination certificate has issued for amended claim 23. To use Judge Alsup's words, ***there is no claim 22 or claim 23***. Claim 22 is forever gone. Claim 23 in its amended form has not yet issued and there is no guarantee that the Federal Circuit will issue a reexamination certificate as to amended claim 23. Until such time as that occurs – if it does – the Court lacks subject matter jurisdiction because there are no asserted claims that present a case or controversy. Subject matter jurisdiction over a count for patent infringement requires claims that are presently enforceable. *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 634 (Fed. Cir. 1991).

Even if claim 23 ultimately survives, Plaintiff is precluded from asserting infringement of claim 23 for Tolmar's conduct prior to the issuance of the reexamination certificate based on the doctrine of absolute intervening rights. In *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1304-05 (Fed. Cir. 2008), the Court explained the doctrine of absolute intervening rights, as embodied in 35 U.S.C. § 307(b) and held that "[u]nless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Id.* (citing *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249-1250 (Fed. Cir. 1997) (citations omitted). Thus, for claims that are not identical to an original claim (*i.e.*, claim 23 in the '013 patent), a reexamination certificate must issue before the claims may be enforced, and then they may be enforced only against subsequent infringing activity. Under such circumstances, an alleged infringer has "absolute rights" to continue its activities during the "intervening" time between substantive amendment of a claim and issuance of the reexamination certificate. *See Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577, 1579-81 (Fed. Cir. 1987).

Finally, a stay would unduly prejudice Tolmar because it leaves unresolved Count II, and the Orange Book listed '013 patent would prevent Tolmar from receiving final approval of its ANDA from FDA until the expiration of its 30-month stay in January 2013. Conversely, a dismissal without prejudice would preserve any future claims Plaintiff might have if claims of the '013 patent survive reexamination.

Plaintiff will likely cite to cases holding that claims rejected as part of reexamination proceedings are still "enforceable" while on appeal to the Federal Circuit. Tolmar does not dispute that law generally, but that law has no application to the specific circumstances presented here where the patentee cancelled the asserted independent claim and that cancellation was rendered final and irrevocable by the final decision of the Board.

For all the reasons stated above, the Court should dismiss Count II of Plaintiff's complaint without prejudice.

The Honorable Sue L. Robinson
May 4, 2012
Page 4

Respectfully,

Adam W. Poff (No. 3990)

Attachment – Exhibit A

CC:   Clerk of the Court (via Hand Delivery with Attachment)
      All Counsel of Record (via CM-ECF and e-mail with Attachment)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

v.

EBAY INC.,

    Defendant.

No. C 11-01812 WHA

**ORDER DISMISSING CASE**

### INTRODUCTION

On August 12, 2011, plaintiff was ordered to show cause why this patent infringement action should not be dismissed without prejudice to refiling after final determination of the validity of the asserted patent and issuance of a reexamination certificate. Plaintiff's written response was due on August 24, 2011, but none was filed (Dkt. No. 134). Having considered the relevant law and facts, this order dismisses the action.

### STATEMENT

The full history of this action and its related proceedings is set forth in the order granting defendant's motion to stay the action (Dkt. No. 133). Only claim 21 of United States patent number 6,665,797 is asserted in this action.[*] A reexamination of the '797 patent was initiated in July 2007 by defendants in a different district court action, and in July 2009, the United States Patent and Trademark Office issued a final rejection of several claims, including claim 21.

---

[*] Plaintiff originally asserted five claims of the '797 patent in this action, but in February 2011 he narrowed his infringement case to include only claim 21 (Dkt. No. 53).

Plaintiff then filed the instant action in December 2009 — *at a time when claim 21 of the '797 patent did not officially exist.*

Plaintiff appealed the USPTO rejections, and he amended claim 21 in March 2010, during the appeal process. The Board of Patent Appeals and Interferences reversed the rejection as to amended claim 21, but affirmed the rejection of other claims. Plaintiff then appealed the BPAI decision to the Court of Appeals for the Federal Circuit; that appeal remains pending (*see* Dkt. No. 133).

No reexamination certificate has been issued for the '797 patent. Thus, the original version of claim 21 has been cancelled, but the amended version has not yet issued. There is no claim 21 at this time, and there is no guarantee that a reexamination certificate eventually will issue with the an amended version of claim 21 in its current form.

## ANALYSIS

United States courts may adjudicate only actual cases or controversies. U.S. CONST. art. III, § 2, cl. 1; *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). The absence of an actual case or controversy is a jurisdictional defect that cannot be cured by later developments. In the patent context, infringement allegations are not sufficient to crate a case or controversy unless they are made "with respect to a patent that has issued before a complaint is filed." *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482–83 (Fed. Cir. 1996).

Here, there was no claim 21 of the '797 patent at the time the complaint was filed, and there still is no claim 21. The original claim 21 was cancelled in July 2009 — five months before this action was filed — and the amended version of claim 21 has not yet issued, as plaintiff's appeals have prevented completion of the reexamination process and issuance of a reexamination certificate. Plaintiff's infringement allegations are not based on any existing patent claim or any patent claim that existed when the complaint was filed. As such, there is no case or controversy over which jurisdiction can be exercised.

**CONCLUSION**

This action is hereby **DISMISSED** without prejudice to refiling after final determination of the validity of the claims of United States patent number 6,665,797 and issuance of a reexamination certificate. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE